# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID BEATY and <br> DB SPORTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> KANSAS ATHLETICS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:19-cv-02137-KHV-GEB <br> ) <br> ) <br> ) <br> ) |

## ANSWER TO COMPLAINT

Defendant Kansas Athletics, Inc. ("Kansas Athletics") answers the Complaint of Plaintiffs David Beaty and DB Sports, LLC (Doc. 1) as follows:

## NATURE OF THE CASE

1. Answering paragraph 1 of Plaintiffs' Complaint, Kansas Athletics admits that Plaintiffs purport to bring a civil action claim for breach of contract under Kansas law and that Plaintiff Beaty purports to bring a civil action claim for violation of the Kansas Wage Payment Act under K.S.A. § 44-313. Kansas Athletics denies that Plaintiffs state a valid claim on any theory and denies that Plaintiffs are entitled to any of the relief requested. To the extent a further response is required, Kansas Athletics denies the remaining allegations of paragraph 1 of the Complaint.

## PARTIES

Answering the unnumbered paragraph immediately following the heading "PARTIES," Kansas Athletics admits that Plaintiff Beaty is an individual and denies the remaining allegations of the unnumbered paragraph.

{L0070329.3}  1

2. Answering paragraph 2 of Plaintiffs' Complaint, Kansas Athletics admits that Plaintiff DB Sports LLC is a limited liability corporation organized under the laws of the State of Kansas and denies the remaining allegations of paragraph 2 of the Complaint.

3. Answering paragraph 3 of Plaintiffs' Complaint, Kansas Athletics admits that it is a not-for-profit company organized and existing under the laws of the State of Kansas as a closely affiliated corporation of the University of Kansas, whose principal place of business is in Lawrence, Kansas. Kansas Athletics denies the remaining allegations of paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Kansas Athletics denies the allegations of paragraph 4 of Plaintiffs' Complaint.

5. Responding to paragraph 5 of Plaintiffs' Complaint, Kansas Athletics denies that the court has subject matter jurisdiction due to lack of diversity of citizenship. However, to the extent the court exercises jurisdiction in this matter, Kansas Athletics admits that it is organized and exists under the laws of the State of Kansas, has its principal place of business in Kansas, and that the conduct alleged in the complaint is alleged to have occurred in Kansas. Kansas Athletics denies any remaining allegations in paragraph 5 of the Complaint.

6. Responding to paragraph 6 of Plaintiffs' Complaint, Kansas Athletics denies that the court has subject matter jurisdiction due to lack of diversity of citizenship. However, to the extent the court exercises jurisdiction in this matter, Kansas Athletics admits that it is an arm of the State of Kansas and located in Kansas, where the United States District Court is located, that a substantial part of the events or omissions alleged by Plaintiffs giving rise to the claims in this action occurred in the District of Kansas. Kansas Athletics admits that it contracted with Plaintiffs that this court may be a proper venue for the determination of certain disputes related

to various contracts at issue in this suit but denies that it has waived subject matter jurisdiction or Eleventh Amendment immunity.

## INTRODUCTION

7. Responding to paragraph 7 of Plaintiffs' Complaint, Kansas Athletics admits that it hired Plaintiff Beaty in December 2014 as Head Football Coach. Kansas Athletics denies the remaining allegations of paragraph 7.

8. Responding to paragraph 8 of Plaintiffs' Complaint, Kansas Athletics admits that it provided Plaintiff Beaty a multi-year contract. Kansas Athletics denies the remaining allegations of paragraph 8.

9. Kansas Athletics admits the allegations of paragraph 9 of Plaintiffs' Complaint.

10. Responding to paragraph 10 of Plaintiffs' Complaint, Kansas Athletics states that the agreements with Plaintiffs, attached to the Complaint as Exhibits A, B, C, and D, speak for themselves. Kansas Athletics denies the remaining allegations.

11. Responding to paragraph 11 of Plaintiffs' Complaint, Kansas Athletics denies that it had knowledge of the allegations leading to the present NCAA investigation at the time it terminated Plaintiff Beaty, and admits that it terminated Plaintiff Beaty effective November 24, 2018, and at the time of the termination, the termination was without cause. Kansas Athletics admits that it had the right to terminate Plaintiff Beaty.

12. Responding to paragraph 12 of Plaintiffs' Complaint, Kansas Athletics denies that it had knowledge of the allegations leading to the present NCAA investigation at the time it terminated Plaintiff Beaty. Kansas Athletics admits that prior to having knowledge of the allegations leading to the present NCAA investigation, it confirmed that the termination of

Plaintiff Beaty was without cause and considered the termination to be without cause until it became aware of potential misconduct by Plaintiff Beaty and/or a member of his staff.

13. Kansas Athletics denies the allegations in paragraph 13 of Plaintiffs' Complaint.

14. Responding to paragraph 14 of Plaintiffs' Complaint, Kansas Athletics denies that it sought to "find something" on Plaintiff Beaty. The information leading to the NCAA investigation came from exit interviews of employees. Kansas Athletics lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 14 of the Petition and therefore denies those allegations.

15. Responding to paragraph 15 of Plaintiffs' Complaint, Kansas Athletics admits that on December 13, 2018, it sent a letter to Plaintiff Beaty notifying him that Kansas Athletics received information indicating a possible NCAA rule violation in the football program while Plaintiff Beaty was head coach and information that indicated Plaintiff Beaty might have had knowledge or been directly involved with the possible rule violation. Kansas Athletics denies the remaining allegations of paragraph 15.

16. Responding to paragraph 16 of Plaintiffs' Complaint, Kansas Athletics admits that no payment has been made to Plaintiffs due to the ongoing NCAA investigation. Kansas Athletics admits that the investigation could result in the reclassification of the termination to "for cause." Kansas Athletics denies the remaining allegations of paragraph 16.

17. Paragraph 17 of Plaintiffs' Complaint consists solely of argument and does not contain allegations of any facts. To the extent a response is required to paragraph 17, Kansas Athletics denies.

**ALLEGATIONS OF FACT**

18.     Responding to paragraph 18 of Plaintiffs' Complaint, Kansas Athletics admits that Plaintiff Beaty served as a high school football coach in the Dallas-Fort Worth Metroplex. Kansas Athletics lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 18 of the Petition and therefore denies those allegations.

19.     Responding to paragraph 19 of Plaintiffs' Complaint, Kansas Athletics admits that, Plaintiff Beaty has served as an assistant football coach at Rice University, the University of Kansas, and Texas A&M University. Kansas Athletics lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 19 of the Petition and therefore denies those allegations.

20.     Kansas Athletics admits paragraph 20 of Plaintiffs' Complaint.

21.     Responding to paragraph 21 of Plaintiffs' Complaint, Kansas Athletics admits that list of head football coaches immediately prior to Plaintiff Beaty were: Turner Gill from December 14, 2009 to November 27, 2011; Charlie Weis from December 9, 2011 to September 28, 2014; Clint Bowen, Interim Head Coach from September 28, 2014 to December 7, 2014. Kansas Athletics denies the remaining allegations contained paragraph 21.

22.     Responding to paragraph 22 of Plaintiffs' Complaint, Kansas Athletics admits.

23.     Responding to paragraph 23 of Plaintiffs' Complaint, Kansas Athletics denies.

24.     Responding to paragraph 24 of Plaintiffs' Complaint, Kansas Athletics lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the Petition and therefore denies those allegations.

25. Responding to paragraph 25 of Plaintiffs' Complaint, Kansas Athletics admits that it entered into a five-year Employment Agreement with Coach Beaty on December 8, 2014 ("2014 Beaty Agreement"). Kansas Athletics denies the remaining allegations of paragraph 25.

26. Responding to paragraph 26 of Plaintiffs' Complaint, Kansas Athletics admits that a copy of the 2014 Beaty Agreement is attached as Exhibit A to Plaintiffs' Complaint. The 2014 Beaty Agreement speaks for itself. Kansas Athletics states that 2014 Beaty Agreement paragraphs 7.D and 12.D were amended, so it denies that the quoted language applies to Plaintiff Beaty's termination.

27. Responding to paragraph 27 of Plaintiffs' Complaint, Kansas Athletics admits that on December 1, 2016, Kansas Athletics and Plaintiff Beaty entered an Amendment to the Beaty Agreement ("2016 Beaty Amendment"), which extended the term of the 2014 Beaty Agreement to December 31, 2021 unless earlier terminated. Kansas Athletics admits that a copy of the 2016 Beaty Amendment is attached as Exhibit B to Plaintiffs' Complaint. The 2016 Beaty Amendment speaks for itself. Kansas Athletics denies the remaining allegations of paragraph 27.

28. Responding to paragraph 28 of Plaintiffs' Complaint, Kansas Athletics denies that Section 7 of the 2016 Beaty Amendment contains in part the language quoted, specifically, that the reference to "Contractor" refers to Plaintiff DB Sports LLC, not to Plaintiff Beaty. Kansas admits the remaining allegations of paragraph 28.

29. Kansas Athletics admits the allegations of paragraph 29 of Plaintiffs' Complaint, Kansas Athletics, including that a copy of the agreement between Kansas Athletics and Plaintiff DB Sports ("2015 DB Sports Agreement") is attached as Exhibit C to Plaintiffs' Complaint.

30. Responding to paragraph 30 of Plaintiffs' Complaint, Kansas Athletics admits that a copy of the amendment to the agreement between Kansas Athletics and Plaintiff DB

Sports ("2016 DB Sports Amendment") is attached as Exhibit D to Plaintiffs' Complaint. The language of the 2015 DB Sports Agreement and the 2016 DB Sports Amendment speaks for itself. To the extent paragraph 30 makes allegations contrary to the language of the agreements, Kansas Athletics denies.

31. Responding to paragraph 31 of Plaintiffs' Complaint, Kansas Athletics admits for purposes of this lawsuit.

32. Responding to paragraph 32 of Plaintiffs' Complaint, Kansas Athletics admits that the KU football team while Plaintiff Beaty was head coach set a team record for the number of Big XII Players of the Week recognitions in a season but denies any contrary allegations or implications from that portion of paragraph 32. Kansas Athletics denies that the KU football team's back-to-back wins in 2018 were the first since 2009, as the 2011 team also recorded back-to-back wins. Kansas Athletics admits the remaining allegations of paragraph 32.

33. Responding to paragraph 33 of Plaintiffs' Complaint, Kansas Athletics admits that in 2016 Dorance Armstrong was KU's first unanimous All-Big XII First Team selection in football. Kansas Athletics admits that Daniel Wise was a back-to-back All Big XII First Team football selection but denies that he was the first KU football player to achieve this recognition.

34. Responding to paragraph 34 of Plaintiffs' Complaint, Kansas Athletics states that Steven Sims is second in KU Football history in career receiving yards and career touchdown catches but ranks third in career catches, achieved from 2015 to 2018, so it must deny allegations to the contrary. Kansas Athletics denies that Plaintiff Beaty served as coach in Joe Dineen's first season, but otherwise admits that Joe Dineen is the all-time leader in KU Football history in tackles for loss from 2014 to 2018.

35. Responding to paragraph 35 of Plaintiffs' Complaint, Kansas Athletics lacks knowledge or information sufficient to form a belief about what was important to Plaintiff Beaty, and therefore denies the allegations contained in paragraph 35 of the Petition.

36. Responding to paragraph 36 of Plaintiffs' Complaint, Kansas Athletics admits.

37. Responding to paragraph 37 of Plaintiffs' Complaint, Kansas Athletics admits.

38. Responding to paragraph 38 of Plaintiffs' Complaint, Kansas Athletics admits.

39. Responding to paragraph 39 of Plaintiffs' Complaint, Kansas Athletics admits.

40. Responding to paragraph 40 of Plaintiffs' Complaint, Kansas Athletics admits.

41. Responding to paragraph 41 of Plaintiffs' Complaint, Kansas Athletics lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41 of the Petition and therefore denies those allegations.

42. Responding to paragraph 42 of Plaintiffs' Complaint, Kansas Athletics lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 42 of the Petition and therefore denies those allegations.

43. Responding to paragraph 43 of Plaintiffs' Complaint, Kansas Athletics admits that Jeff Long was hired by the University of Kansas as the Director of Intercollegiate Athletics in July 2018. Mr. Long was not hired by Kansas Athletics.

44. Responding to paragraph 44 of Plaintiffs' Complaint, Kansas Athletics admits that by November 2018, Mr. Long and Kansas Athletics decided to terminate Plaintiff Beaty as head football coach. Kansas Athletics denies the remaining allegations of paragraph 44.

45. Responding to paragraph 45 of Plaintiffs' Complaint, Kansas Athletics admits that on November 4, 2018, Mr. Long verbally informed Plaintiff Beaty in a private meeting that Plaintiff Beaty would be terminated without cause at the conclusion of the 2018 season. Kansas

Athletics denies that Mr. Long or Kansas Athletics had knowledge on November 4, 2018, of the allegations leading to the present NCAA investigation. Kansas Athletics denies the remaining allegations of paragraph 45.

46.     Responding to paragraph 46 of Plaintiffs' Complaint, Kansas Athletics admits that Mr. Long told Plaintiff Beaty on November 4, 2018, that Kansas Athletics would honor the terms of the agreements. Kansas Athletics denies that Mr. Long or Kansas Athletics had knowledge on November 4, 2018, of the allegations leading to the present NCAA investigation. Kansas Athletics denies the remaining allegations of paragraph 46.

47.     Responding to paragraph 47 of Plaintiffs' Complaint, Kansas Athletics denies that Mr. Long or Kansas Athletics had knowledge on November 4, 2018, of the allegations leading to the present NCAA investigation. Kansas Athletics admits that at the press conference on November 4, 2018, Mr. Long stated that Kansas Athletics would honor the contractual obligation to Plaintiff Beaty. Kansas Athletics denies the remaining allegations of paragraph 47.

48.     Responding to paragraph 48 of Plaintiffs' Complaint, Kansas Athletics admits that Plaintiff Beaty completed the football season as head football coach. Kansas Athletics lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 48 of the Petition and therefore denies those allegations.

49.     Responding to paragraph 49 of Plaintiffs' Complaint, Kansas Athletics denies that Mr. Long or Kansas Athletics had knowledge on November 29, 2018, of the allegations leading to the present NCAA investigation, but otherwise admits the allegations of paragraph 49.

50.     Responding to paragraph 50 of Plaintiffs' Complaint, Kansas Athletics denies.

51.     Responding to paragraph 51 of Plaintiffs' Complaint, Kansas Athletics denies.

52.     Responding to paragraph 52 of Plaintiffs' Complaint, Kansas Athletics denies.

53. Responding to paragraph 53 of Plaintiffs' Complaint, Kansas Athletics admits that prior to having knowledge of the allegations leading to the present NCAA investigation, Kansas Athletics proposed alternative payout schedules that were estimated to result in tax savings to Plaintiff Beaty. Kansas Athletics denies the remaining allegations of paragraph 53.

54. Responding to paragraph 54 of Plaintiffs' Complaint, Kansas Athletics admits.

55. Responding to paragraph 55 of Plaintiffs' Complaint, Kansas Athletics admits that on December 13, 2018, Brian White, KU General Counsel and Vice Chancellor for Legal Affairs sent a letter to Plaintiff Beaty notifying him that Kansas Athletics received information indicating a possible NCAA rule violation in the football program while Plaintiff Beaty was head coach and information that indicated Plaintiff Beaty might have had knowledge or been directly involved with the possible rule violation. The letter requested an investigatory interview with Plaintiff Beaty. Kansas Athletics denies the remaining allegations of paragraph 55.

56. Responding to paragraph 56 of Plaintiffs' Complaint, Kansas Athletics admits that the letter informed Plaintiff Beaty that any severance payments would be suspended until completion of the investigation, and that once the NCAA rules investigation was complete, KU and Kansas Athletics would "evaluate the findings and determine whether your separation will be treated as a for cause or without cause separation." Kansas Athletics denies the remaining allegations of paragraph 56.

57. Responding to paragraph 57 of Plaintiffs' Complaint, Kansas Athletics lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 57 of the Petition regarding what Plaintiff Beaty understood, and therefore denies the allegations in paragraph 57.

58. Responding to paragraph 58 of Plaintiffs' Complaint, Kansas Athletics lacks knowledge or information sufficient to form a belief about what Plaintiff Beaty understood, and therefore denies the allegations contained in paragraph 58 of the Petition.

59. Responding to paragraph 59 of Plaintiffs' Complaint, Kansas Athletics admits that Plaintiffs' counsel wrote a letter to Mr. White dated December 20, 2018. Kansas Athletics denies the remaining allegations of paragraph 59.

60. Responding to paragraph 60 of Plaintiffs' Complaint, Kansas Athletics admits that Plaintiffs' counsel wrote a letter to Mr. White dated December 20, 2018. Kansas Athletics denies the remaining allegations of paragraph 60.

61. Responding to paragraph 61 of Plaintiffs' Complaint, Kansas Athletics admits that no payments of Liquidated Damages have been made by Kansas Athletics to Plaintiff Beaty and denies the remaining allegations.

62. Kansas Athletics denies the allegations of paragraph 62 of Plaintiffs' Complaint.

63. Responding to paragraph 63 of Plaintiffs' Complaint, Kansas Athletics admits that Plaintiff Beaty received some of the documents he requested. Kansas Athletics denies any implication that Plaintiff Beaty was entitled to receive documents from Kansas Athletics in order to be interviewed in the NCAA investigation. Kansas Athletics denies the remaining allegations of paragraph 63.

64. Responding to paragraph 64 of Plaintiffs' Complaint, Kansas Athletics denies.

65. Responding to paragraph 65 of Plaintiffs' Complaint, Kansas Athletics admits that Plaintiff Beaty finally appeared for an interview with NCAA investigators on February 27, 2019. Kansas Athletics denies the remaining allegations of paragraph 65.

66. Responding to paragraph 66 of Plaintiffs' Complaint, Kansas Athletics lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 66 of the Petition and therefore denies those allegations.

67. Responding to paragraph 67 of Plaintiffs' Complaint, Kansas Athletics admits that by at least March 11, 2019, the NCAA provided KU officials a copy of the transcript of Plaintiff Beaty's interview in the NCAA investigation. Kansas Athletics denies the remaining allegations of paragraph 67.

68. Responding to paragraph 68 of Plaintiffs' Complaint, Kansas Athletics denies. Since December 13, 2018, Kansas Athletics has stated to Plaintiff Beaty that any severance payments would be suspended until the completion of the NCAA investigation and the evaluation of the findings.

69. Responding to paragraph 69 of Plaintiffs' Complaint, Kansas Athletics admits that the NCAA investigation is ongoing and has not concluded. Kansas Athletics denies the remaining allegations of paragraph 69.

**FIRST CAUSE OF ACTION**

70. Responding to paragraph 70 of Plaintiffs' Complaint, Kansas Athletics incorporates its responses to the preceding paragraphs.

71. Responding to paragraph 71 of Plaintiffs' Complaint, Kansas Athletics denies.

72. Kansas Athletics denies the allegations in paragraph 72 of Plaintiffs' Complaint.

73. Kansas Athletics denies the allegations in paragraph 73 of Plaintiffs' Complaint.

74. Kansas Athletics denies the allegations in paragraph 74 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION

75. Responding to paragraph 75 of Plaintiffs' Complaint, Kansas Athletics incorporates its responses to the preceding paragraphs.

76. Responding to paragraph 76 of Plaintiffs' Complaint, Kansas Athletics admits that Plaintiff Beaty was an employee of Kansas Athletics until November 24, 2018, as defined by the Kansas Wage Payment Act, K.S.A. § 44-313, *et seq*. Kansas Athletics denies that Plaintiff Beaty was an employee after that date.

77. Responding to paragraph 77 of Plaintiffs' Complaint, this paragraph is solely legal arguments, not allegations of fact. To the extent a further response is required, Kansas Athletics denies.

78. Kansas Athletics denies the allegations in paragraph 78 of Plaintiffs' Complaint.

79. Kansas Athletics denies the allegations in paragraph 79 of Plaintiffs' Complaint.

80. Kansas Athletics denies the allegations in paragraph 80 of Plaintiffs' Complaint.

81. Kansas Athletics denies the allegations in paragraph 81 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

82. Responding to paragraph 82 of Plaintiffs' Complaint, Kansas Athletics denies that Plaintiff Beaty is entitled to any relief in this matter.

83. Responding to paragraph 83 of Plaintiffs' Complaint, Kansas Athletics denies that DB Sports, LLC is entitled to any relief in this matter.

## AFFIRMATIVE AND OTHER DEFENSES

1. Kansas Athletics denies each and every allegation contained in Plaintiffs' Complaint unless specifically admitted herein. Kansas Athletics denies that Plaintiffs are entitled to any relief whatsoever.

2. Notwithstanding the court's ruling on the motion to dismiss, this court lacks subject matter jurisdiction because of the lack of diversity of citizenship.

3. Notwithstanding the court's ruling on the motion to dismiss, this court lacks jurisdiction because Kansas Athletics is entitled to Eleventh Amendment immunity.

4. Plaintiffs are not entitled to any relief based on the after-acquired evidence doctrine. *Gassmann v. Evangelical Lutheran Good Samaritan Soc., Inc*, 261 Kan. 725, 933 P.23d 743 (1997).

5. Plaintiffs are not entitled to any payment if Plaintiff Beaty is found to have committed violations of NCAA rules and regulations during his time as head football coach.

6. Plaintiffs are not entitled to any payment if Plaintiff Beaty is found to have failed to report promptly to the Athletics Director any violations known to Plaintiff Beaty of governing athletic rules, including NCAA and/or Big 12 rules, or Athletics or KU rules, regulations or policies by assistant coaches, student-athletes or other persons under the direct control or supervision of Plaintiff Beaty.

7. Plaintiffs are not entitled to any payment if Plaintiff Beaty is found to have committed fraud or dishonesty in preparing, falsifying, submitting, or altering documents or records of or for the NCAA, the Big 12 Conference, Kansas Athletics, or KU.

8. Plaintiff Beaty's claim under the Kansas Wage Payment Act is barred because any amounts contemplated as Liquidated Damages are not wages.

WHEREFORE, Kansas Athletics prays for judgment in its favor and against the Plaintiffs, that Kansas Athletics be awarded costs of this action, and that the Court grant Kansas Athletics such other and further relief as the Court deems equitable and just.

## REQUEST FOR JURY TRIAL

Kansas Athletics hereby requests a trial by jury on all claims so triable.

>Respectfully submitted,
>
>/s/ Eric J. Aufdengarten
>Eric J. Aufdengarten #21289
>Associate General Counsel and
>Special Assistant Attorney General
>The University of Kansas
>245 Strong Hall, 1450 Jayhawk Blvd.
>Lawrence, Kansas 66045
>Tel: (785) 864-3276
>Fax: (785) 864-4617
>eja@ku.edu
>*Counsel for Defendant Kansas Athletics, Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the above and foregoing was filed through the Court's CM/ECF filing system on the 28th day of August, 2019, which generated a Notice of Electronic Filing to the following counsel of record:

James D. Griffin
Brent N. Coverdale
Scharnhorst Ast Kennard Griffin, PC
1100 Walnut, Suite 1950
Kansas City, MO  64106-2143
jgriffin@sakg.com
bcoverdale@sakg.com

Michael P. Lyons
Christopher J. Simmons
Stephen Higdon
Deans & Lyons, LLP
325 N. Saint Paul St., Suite 1500
Dallas, Texas 75201-3891
mlyons@deanslyons.com
csimmons@deanslyons.com
shigdon@deanslyons.com

*Counsel for Plaintiffs*

/s/ Eric J. Aufdengarten
Eric J. Aufdengarten
*Counsel for Defendant*