# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVID BEATY AND DB SPORTS, LLC,

Plaintiffs,

v.

KANSAS ATHLETICS, INC.,

Defendant.

Case No. **2:19-CV-02137**

## SCHEDULING ORDER

On September 20, 2019, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a scheduling conference in this case with the parties.[1] Plaintiffs David Beaty and DB Sports, LLC appeared through counsel, Michael Lyons, Brent Coverdale and Stephen Higdon. Defendant Kansas Athletics, Inc., appeared through counsel, Eric Aufdengarten.

After consultation with the parties, the Court enters this scheduling order, summarized in the table at the end of this Order:

---

[1] As used in this scheduling order, the term "Plaintiff" includes Plaintiffs as well as any counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "Defendant" includes Defendants as well as any counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

1

1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the Court has determined that settlement of this case would not be enhanced by early informal exchange of settlement offers. However, mediation is ordered. By **November 22, 2019**, Defendant must file a Joint Mediation Notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation.

Absent further order of the Court, mediation must be held no later than **January 24, 2020**. An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the Court's website:

*http://www.ksd.uscourts.gov/adr-report/*

2.      **Discovery.**

**a.**     The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1). Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures must be served in any event 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably will be or even might be used at trial. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a

particular deposition or pursue follow-up written discovery before the time allowed for discovery expires. Should a party include witnesses or other information in the final disclosures under Fed. R. Civ. P. 26(a)(3) that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the party will probably be precluded from offering the witness's testimony or other information into evidence under Fed. R. Civ. P. 37(c)(1).

    **b.**    All discovery in this case must be commenced or served in time to be completed by **March 20, 2020**. Under recent amendments to the Federal Rules of Civil Procedure, the Court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter provided it is (a) relevant to a party's claim or defense, and (b) proportional to the needs of this case. Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

    **c.**    The parties agree that principles of comparative fault do not apply to this case.

    **d.**    If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by Plaintiff by

3

**December 20, 2019**, and by Defendant by **January 17, 2020**; disclosures and reports by any rebuttal experts must be served by **February 17, 2020**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (*e.g*., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

  **e.**  The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 **are not** appropriate in this case.

  **f.**  The Court discussed the following discovery problem(s) raised by one or more of the parties:

  The parties anticipate seeking third party discovery from the NCAA, including documents and depositions of NCAA employees.

  Plaintiff states that it has attempted to confer with KAI regarding its withholding of witnesses under the auspice of confidentiality requirements imposed by the pending NCAA Investigation. At a minimum, Plaintiff is entitled to know the individuals KAI interviewed either before or during its self-initiated investigation. Plaintiff is also entitled to know any

additional individuals KAI is aware of having been interviewed by the NCAA. A protective order can cure any concerns related to confidentiality.

Kansas Athletics states that it conferred with Plaintiff. Due to the ongoing nature of the NCAA investigation a protective order will be sought prior to disclosure of individuals who were interviewed by Kansas Athletics or known to have been interviewed by the NCAA as part of that investigation. Kansas Athletics agrees that it believes a protective order will resolve the issue.

**g.** Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> Format for Production of ESI:
> The parties agree to provide what limited non-privileged, reasonably accessible ESI that they have in their possession electronically. Documents in native format will be provided upon request unless doing so would create an undue hardship. If an undue hardship is claimed, then the parties will contact the Court to resolve the dispute.
>
> Because identifying information may not be placed on ESI as easily as bates stamping paper documents, the parties agree that ESI may be marked with identifying numbers (bates stamped) in one of the following ways, at the option of the producing party: 1) PDF or other static image formats may be electronically bates numbered; 2) native file ESI may be electronically paginated using the native page-numbering process of the application or program, and such alteration will not affect the admissibility of the document; and/or 3) native files may be renamed using a bates numbering system. **The parties' preference is for all documents, including ESI documents, to be produced in PDF format and not other alternative formats, given the efficiencies this format provides.**
>
> The parties do not, at this time, anticipate the discovery of metadata, embedded data, deleted data, or fragmented data. In the event that a party later seeks such discovery, the parties will first confer regarding who is to bear the cost of such discovery and production and will contact the Court to resolve the issue if they cannot reach agreement.

Searching for ESI data:

A party requesting ESI should not only make specific discovery requests that are as narrow as possible in temporal scope but should also propose a list of keywords to define the scope of the ESI discovery it/he seeks. The responding party need not specifically utilize the keywords proposed by the requesting party, but must confer with its/his information technology personnel or other persons knowledgeable regarding the nature, storage, and scope of ESI to determine what keywords or other search methodology (such as, e.g., gathering ESI by custodian or by network file path) are appropriate given the information technology environment in which the responding party's ESI is generated and stored. Before conducting any ESI searches, Defendant and Plaintiff will discuss search terms and specific data custodians to be searched.

Reasonably Accessible Information and Cost sharing and cost-shifting:

ESI that is not reasonably accessible is information that is only accessible by incurring undue burdens or costs. If a responding party is not searching or does not plan to search sources containing potentially responsive information that is not reasonably accessible, it must identify the category or type of such information. If the requesting party intends to seek discovery of ESI from sources identified as not reasonably accessible, the parties will discuss: (1) the burden and cost of accessing and retrieving the information, (2) the needs that may establish good cause for requiring production of all or part of the information, even if the information sought is not reasonably accessible, and (3) conditions on obtaining and producing this information such as scope, time and allocation of costs.

Absent a contrary showing of good cause, the parties understand that the producing party will bear all costs for reasonably accessible ESI. With respect to ESI that is not reasonably accessible, the parties understand that there will be cost sharing or cost shifting to the requesting party associated with the production of such materials. Neither party to this Protocol waives the right to seek a protective order or to object to the production of ESI that is not reasonably accessible, even if the requesting party offers to share in the cost of production. Neither party waives the right to object to cost sharing or cost shifting if the parties disagree as to whether the requested information is reasonably accessible.

The parties further agree, pursuant to Federal Rule of Evidence 502(b), that the inadvertent production of any material protected from disclosure under the attorney-client communication privilege, the attorney work product doctrine, the joint defense privilege or any other applicable privilege or protection, and any trial

preparation materials protected from disclosure under Fed. R. Civ. P 26(b)(5), shall not constitute a waiver of such of such privilege or protection. This includes any ESI materials that are inadvertently produced or that are made available to another party during a "quick peek" examination. Such inadvertently disclosed material shall be returned immediately to the producing party upon written request of the producing party, or upon the receiving party's recognition that the materials were inadvertently produced (the "clawback" agreement). Counsel for the producing party shall maintain unaltered copies of all materials returned pursuant to this clawback provision and the receiving party's return of such materials is without prejudice to any right to challenge the privileged or protected status of the materials.

**h.** Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

The Parties agree, pursuant to Federal Rule of Evidence 502(b), that the production of any material protected from disclosure under the attorney-client communication privilege, the attorney work product doctrine, the joint defense privilege or any other applicable privilege or protection, and any trial preparation materials protected from disclosure under Fed. R. Civ. P 26(b)(5), shall not constitute a waiver of such of such privilege or protection. Such material shall be returned immediately to the Producing Party if: (a) it appears on its face to have been inadvertently produced or (b) upon written request of the Producing Party. Counsel for the Producing Party shall maintain unaltered copies of all materials returned pursuant to this provision and the return of such materials is without prejudice to any right to challenge the privileged or protected status of the materials.

The Producing Party must provide a privilege log in place of any returned or destroyed materials, and must preserve the materials at issue until any challenge to the claimed privilege or protection is resolved.

**i.** To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the Court adopts as its order the following procedures agreed to by the parties and counsel:

> In the event of a discovery dispute, the parties will present the dispute by telephone to the Magistrate Judge in an

>attempt to resolve the dispute without the necessity of filing motions.

**j.** No party may serve more than **30 interrogatories**, including all discrete subparts, on any other party. This number does not include the previous interrogatories the parties served in the limited jurisdictional discovery conducted regarding the Defendant's motion to dismiss.

**k.** No party may serve more than **30 requests for admission**, including all discrete subparts, on any other party.

**l.** No more than **10 depositions** may be taken by all Plaintiffs, and no more than **10 depositions** may be taken by Defendant. Each deposition must be limited to **4 hours** except for the depositions, identified at this time based on existing disclosures, of David Beaty, Jeff Love, James Garland, Tom Hosty, Jeff Long, David Reed, Bill Self, and Les Miles which must be limited to **7 hours**. However, Kansas Athletics has not at this time stipulated to the depositions of Bill Self or Les Miles. All depositions will be governed by the written guidelines available on the Court's website:

>*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

**m.** Discovery in this case may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **September 27, 2019**. This proposed protective order should be drafted in compliance with the guidelines available on the Court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the Court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). A pre-approved form of protective order is available on the Court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **October 11, 2019.**

**n.** The parties **do consent** to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3. Service should be on all attorneys with an appearance in the case.

**o.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties are reminded that this Court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it is certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the Court must impose an appropriate sanction on the responsible attorney or party, or both; the sanction may include an order to pay the reasonable expenses, including attorney fees, caused by the violation.   Therefore, before the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the Court strongly suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354 (D. Md. 2008).

**3.    Motions.**

    **a.**    The parties have stipulated that no further motions to dismiss will be filed in this case.

    **b.**    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **November 22, 2019**.

    **c.**    All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **May 1, 2020**.   The Court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

      **d.**      Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, *i.e.*, summary judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.   Further, the Court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.   The parties should follow the summary judgment guidelines available on the Court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

      **e.**      All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **May 1, 2020.**

      **f.  If issues remain unresolved after the parties have complied with the meet and confer requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge before filing such a motion.   But such a conference is not mandatory.**

      **For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually talk with each other about their**

**discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion**.

**g.** Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b).

**h.** To avoid filing unnecessary motions, the Court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning expert reports. *See* D. Kan. Rule 26.4(c). The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the Court.

**4.    Pretrial Conference, Trial, and Other Matters.**

**a.** Pursuant to Fed. R. Civ. P. 16(a), a final pretrial conference is scheduled for **April 3, 2020 at 11:00 AM** by telephone. All participants must call the CONFERENCE LINE at 1-888-363-4749, using ACCESS CODE 9686294. This pretrial conference may be conducted by telephone; however, the judge may require all parties to appear in person if the judge determines the pretrial order is not in the appropriate format or that there are other problems requiring counsel to appear in person. Unless otherwise notified, the

undersigned U.S. Magistrate Judge will conduct the conference.  No later than **March 27, 2020**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an email sent to *ksd_birzer_chambers@ksd.uscourts.gov*.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the Court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraph II(C) of the District's Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, available at *http://ksd.uscourts.gov/wp-content/uploads/2018/01/CvAdminProcFINAL-12-1-16.docx*.

    **b.**    The parties expect the **jury** trial of this case to take approximately **5 trial days**.  This case is set for trial beginning on **December 14, 2020 at 9:00 AM** in **Kansas City, Kansas.**  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.  The trial setting may be changed only by order of the judge presiding over the trial.

    **c.**    The parties **are not** prepared to consent to trial by a U.S. Magistrate Judge at this time.

    **d.**    This Court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this Court. The *Pillars of Professionalism* are available on this Court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf*

    **e.**    This scheduling order will not be modified except by leave of Court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated September 20, 2019, at Wichita, Kansas.

s/Gwynne E. Birzer
Gwynne E. Birzer
U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Defendant file joint mediation notice | 11/22/2019 |
| Mediation completed | 1/24/2020 |
| ADR report filed by Defendant | 14 days after mediation. |
| Supplementation of initial disclosures | Per rule and 40 days prior to discovery close |
| All discovery completed | 3/20/2020 |
| Experts disclosed by Plaintiff | 12/20/2019 |
| Experts disclosed by Defendant | 1/17/2020 |
| Rebuttal experts disclosed | 2/17/2020 |
| Physical and mental examinations | n/a |
| Jointly proposed protective order submitted to Court | 9/27/2019 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | 10/11/2019 |
| Motions to dismiss | n/a |
| Motions to amend | 11/22/2019 |
| All other potentially dispositive motions (e.g., summary judgment) and | 5/1/2020 |
| motions challenging admissibility of expert testimony | 5/1/2020 |
| Comparative fault identification | n/a |
| Status conference | n/a |
| Proposed pretrial order due | 3/27/2020 |
| Pretrial conference (by telephone) | 4/3/2020 at 11 am |
| Jury Trial – KC; ETT 5 days | 12/14/2020 at 9:00 am |