**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DAVID BEATY and DB SPORTS, LLC, ) | |
| ) | |
|       Plaintiffs, ) | |
| ) | Case No. 2:19-CV-02137 |
| v. ) | |
| ) | |
| KANSAS ATHLETICS, INC., ) | |
| ) | |
|       Defendant. ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**INTRODUCTION**

In his Motion, plaintiff concedes the central reason that the discovery he seeks about other Kansas Athletics' coaches is irrelevant. As plaintiff admits, "a rule violation is a rule violation." (Dkt. 54, p. 5 n.5.) That is correct. The NCAA rules are what they are, and plaintiff's conduct in violation of those rules is what it is. Any NCAA violations purportedly committed by other Kansas Athletics' coaches will not change what the NCAA rules are, and any such purported other violations will not change the evidence showing that plaintiff intentionally disregarded NCAA rules and failed to report the violations. Aware of his own rule violations, plaintiff is attempting to distract from his misconduct by looking into alleged NCAA violations supposedly committed by other Kansas Athletics coaches—including former football head coach Mark Mangino, who coached more than 10 years ago under an entirely different administration.

In his Motion, plaintiff tries to mask his true objective by claiming that Kansas Athletics' "interpretation" and "belief" as to what constitutes an NCAA violation—and whether such belief as to plaintiff's conduct was reached in "good faith"—is at issue here. But, contrary to plaintiff's misperception of the law, Kansas Athletics' "interpretations" and "good faith" are not implicated

by any of the claims or defenses in this case.  In this breach-of-contract case, intent is not at issue:  it is not an element of proof, and plaintiff has not contended that the Court must look at intent to resolve any ambiguity in the contract provision making clear that "violations by Head Coach of NCAA rules and regulations" would constitute grounds to terminate plaintiff for cause.  Likewise, contrary to plaintiff's suggestion, Kansas Athletics has not made a claim for "rescission," and plaintiff simply misunderstands the function of the after-acquired evidence doctrine in non-discrimination cases.  Plaintiff's motion to compel should be denied.

## ARGUMENT

The scope of discovery is defined by Federal Rule of Civil Procedure 26(b)(1).  Pursuant to the rule, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 2b(b)(1).  When the requested material is not relevant on its face, as is the case here, it is plaintiff's burden to establish that the discovery he requests is relevant.  *See Riley v. PK Management, LLC*, No. 18-cv-2337-KHV-TJJ, 2019 WL 1509861, at * 2 (D. Kan. Apr. 5, 2019).   "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case."  *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB, 2019 WL 2448569, at *2 (D. Kan. June 12, 2019) (citation omitted).

**I.    The information plaintiff seeks to compel is not relevant to plaintiff's claim for breach of contract or Kansas Athletics' defenses to plaintiff's claim.**

Plaintiff asserts a breach-of-contract claim against Kansas Athletics.  The elements of breach of contract under Kansas law are: "(1) the existence of a contract between the parties; (2) consideration; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) defendant's breach of the contract; and (5) that plaintiff was damaged by the

breach." *Britvic Soft Drinks Ltd. v. ACSIS Technologies, Inc.*, 265 F. Supp. 2d 1179, 1187 (D. Kan. 2003).  "[A] claimant must demonstrate his or her own performance (or willingness to perform) under a contract to present a viable claim for breach of contract." *Saathoff v. Data Systems Intern., Inc.*, 83 P.3d 1270, at *4 (Kan. App. 2004).

In support of his Motion, plaintiff asserts that his failure to perform according to the terms of the Agreement must be material and "so substantial to defeat the object of the parties in making the agreement."  (Motion, p. 4.)  Thus, plaintiff asserts that the information regarding other coaches will somehow show plaintiff's non-compliance with NCAA rules was not a "material" breach.  Plaintiff's argument is flawed for several reasons.

First, plaintiff has not presented (and Kansas Athletics has not found) any caselaw suggesting that to satisfy the elements of a breach-of-contract claim, the performance required of the plaintiff must be only "*materially*" complete.  Neither Kansas caselaw nor the Kansas pattern jury instruction for breach of contract frames the element as plaintiff would like.  *See* Kan. Pattern Instruction 124.01; *Britvic Soft Drinks Ltd*, 265 F. Supp. 2d at 1187.  Plaintiff's failure to perform defeats his breach-of-contract claim, regardless of whether his failure was material (it was).  Comparative evidence of whether or not other Kansas Athletics' coaches have been terminated with cause for NCAA violations will not and cannot change whether plaintiff himself has complied with and performed his own obligations.

Second, plaintiff's argument that materiality is an element of proof here is premised on the incorrect notion that Kansas Athletics is attempting to rescind the agreement—which is not true.  ("To warrant *rescission*, the breach must be material and the failure to perform so substantial as to defeat the object of the parties in making the agreement." (Motion, p. 4 (emphasis added).))  Kansas Athletics has not asserted a claim for rescission, so plaintiff's

argument on this point is misplaced and irrelevant.

Finally, plaintiff asserts he is entitled to this discovery so he can show Kansas Athletics' termination with cause "lacks good faith." (Motion, p. 5.)  There is no good faith element of a breach-of-contract claim.  Plaintiff seems to assume that "good faith" is somehow implicated by Kansas Athletics' after-acquired evidence defense, but the phrase "good faith" does not even appear in the cases that plaintiff cites on this issue (Motion, p. 4, citing *McKennon* and *Gassman*).  Plaintiff seems to read a "good faith" requirement into the cases' suggestion that, in discrimination cases, the defendant must show that the after-acquired evidence "in fact" would have caused an earlier termination.  But it is unclear how "good faith" is implicated by that inquiry.  In any event, here, it is undisputed that Kansas Athletics would have "in fact" terminated plaintiff earlier had it earlier known of the NCAA violations, because once it found out about those NCAA violations, Kansas Athletics <u>did in fact</u> terminate Beaty for cause.

Relatedly, plaintiff has misconstrued the function of the after-acquired evidence defense in a non-discrimination context.  In the discrimination context, it is important for the Court to consider whether the plaintiff's latent misconduct would have "in fact" led to an earlier termination, thus superseding and overriding the supposed unlawful, discriminatory motive.  But where, as here, the claims do not implicate any supposed unlawful, discriminatory motive, there is no need to inquire or determine whether a termination "in fact" would have been made, because there is no need to ensure that any supposed unlawful, ulterior motive would have been superseded and overridden.  Rather, in a non-discrimination case, the only question is whether the latent misconduct would have been a ground for termination.  The Kansas Supreme Court has recognized this distinction in *Gassman*, in which it noted that, where the case is an ordinary breach of contract case "not involving any overriding governmental interest," the limits on the

after-acquired evidence defense imposed in discrimination cases do not apply.  *See Gassmann v. Evangelical Lutheran Good Samaritan Soc., Inc.*, 933 P.2d 743, 727 (Kan. 1997)  (agreeing with the Court of Appeals' conclusion that "the limits placed on the after-acquired evidence doctrine disseminated in *McKennon* [a discrimination case] are not applicable to the case at bar"). Rather, in a non-discrimination case, liability to the employee is cutoff if the employer can "establish after-acquired evidence <u>sufficient</u> for termination."  *See id.*, at 727 – 30 (emphasis added).

      **II.**    **The information plaintiff seeks to compel is not relevant to plaintiff's claim under the Kansas Wage Payment Act.**

Plaintiff also alleges that Kansas Athletics should be penalized under the Kansas Wage Payment Act ("**KWPA**") because Kansas Athletics supposedly acted "willfully" by failing to pay additional monies to Beaty.  In this context, "willful" means having the "design, purpose, or intent to do wrong or to cause an injury to another."  *Sibley v. Sprint Nextel Corp.*, No. 08-CV-2063-KHV, 2017 WL 8944042, at *6 (D. Kan. Apr. 21, 2017) (citation omitted).  Plaintiff claims that exploring how Kansas Athletics has treated other coaches will somehow reveal whether it acted with the "intent to do wrong" or "cause an injury" to Beaty.  But it is unclear how that is so.  Whether Kansas Athletics supposedly intended to "harm" Beaty will turn on whether or not Beaty committed an NCAA violation in breach of his contract and whether Kansas Athletics' purportedly "knew" or "understood" Beaty did not commit any such violation but terminated him for cause anyhow.  The behavior or conduct of any other coach in connection with any other purported NCAA violations will not change the text of the NCAA rules, it will not change whether Beaty's conduct violated the NCAA rules, and—most germane to Plaintiffs' KWPA claim—it will not change whether Kansas Athletics' (according to Beaty) purportedly "knew" or "understood" that Beaty had not committed any such NCAA violations.

## CONCLUSION

Plaintiff has not met his burden to establish that the discovery he asks the court to compel Kansas Athletics to produce is relevant to plaintiff's claims or Kansas Athletics' defenses. Plaintiff's Motion to Compel should be denied.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: /s/ *Timothy J. Davis*
   W. Perry Brandt (EDMO # 28292MO)
   Timothy J. Davis (MO # 62837)
   Sarah R. Holdmeyer (MO # 69140)
   1200 Main Street, Suite 3500
   Kansas City, MO 64105
   (816) 374-3200 telephone
   (816) 374-3300 facsimile
   perry.brand@bclplaw.com
   tim.davis@bclplaw.com
   sarah.holdmeyer@bclplaw.com

ATTORNEYS FOR DEFENDANT KANSAS ATHLETICS, INC.

## CERTIFICATE OF SERVICE

      I certify that on this 13th day of December, 2019, a copy of the foregoing was filed with the Court's electronic filing system, which sent notice of this filing to the following counsel of record:

James D. Griffin
Brent N. Coverdale
Scharnhorst Ast Kennard Griffin PC
1100 Walnut, Suite 1950
Kansas City, MO 64106
jgriffin@sakg.com
bcoverdale@sakg.com

and

Michael P. Lyons (admitted *pro hac vice*)
Christopher J. Simmons (admitted *pro hac vice*)
Stephen Higdon (admitted *pro hac vice*)
Deans & Lyons, LLP
325 N. Saint Paul St., Suite 1500
Dallas, Texas 75201-3891
mlyons@deanslyons.com
csimmons@deanslyons.com
shigdon@deanslyons.com

*Counsel for Plaintiffs*

                                        /s/ *Timothy J. Davis*
                                        Attorney for Defendant