# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID BEATY and DB SPORTS, LLC,** ) | |
| ) | |
| **Plaintiffs,** ) | **CIVIL ACTION** |
| ) | |
| v. ) | **No. 19-2137-KHV** |
| ) | |
| **KANSAS ATHLETICS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion For Leave To File Under Seal (Doc. #81) filed January 31, 2020. Defendant seeks to file under seal its Opposition To Plaintiffs' "Partial Motion For Summary Judgment On Their Breach Of Contract Claim" (Doc. #81-1), and supporting exhibits A-H and J-L. For reasons stated below, the Court overrules defendant's motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in judicial proceedings is intended to ensure that courts are fair and judges are honest. Id. In determining whether it should seal documents, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Id.; Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. See Mann, 477 F.3d at 1149; see also Colony Ins. Co. v.

Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).  The party must articulate a real and substantial interest that justifies depriving the public of access to records that inform the Court's decision-making process.  Colony Ins., 698 F.3d at 1241; Williams v. FedEx Corp. Servs., 849 F.3d 889, 905 (10th Cir. 2017); Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

In asking the Court to seal its opposition and supporting exhibits, defendant offers nothing more than "stereotyped and conclusory statements."  It does not specifically explain how any interest in non-disclosure outweighs the public interest in open courts.  See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).  Defendant refers to an unidentified and unquoted rule from the National Collegiate Athletic Association ("NCAA"), an uncited so-called "Family Educational Rights and Privacy Act" ("FERPA") and the fact that it has designated "many" of the materials as "confidential" under the Protective Order in this case.

The Court overrules defendant's motion to seal.  The Court's constitutional duties do not include inventing arguments for defendant or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against defendant's alleged interest in non-disclosure.  Defendant offers no authority for its novel and bold assertion that NCCA rules abrogate the public's right of access to judicial records.  See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).  Similarly, defendant does not argue that the so-called FERPA speaks directly to the common law right of access to judicial records.  Id.  So in the end, as authority, defendant has only its own "confidential" stamp under the protective order.

Defendant's thought process in making that designation, whatever it may have been, falls far short of showing that its interests "heavily outweigh" the public interest in access.

**IT IS THEREFORE ORDERED** that defendant's Motion For Leave To File Under Seal (Doc. #81) filed January 31, 2020 is **OVERRULED.**  The Clerk is directed to immediately unseal defendant's Opposition To Plaintiffs' "Partial Motion For Summary Judgment On Their Breach Of Contract Claim" (Doc. #81-1), Exhibit A (Doc. #81-2), Exhibit B (Doc. #81-3), Exhibit C (Doc. #81-4), Exhibit D (Doc. #81-5), Exhibit E (Doc. #81-6), Exhibit F (Doc. #81-7), Exhibit G (Doc. #81-8), Exhibit H (Doc. #81-9), Exhibit J (Doc. #81-10), Exhibit K (Doc. #81-11) and Exhibit L (Doc. #81-12).

Dated this 20th day of March, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge