# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVID BEATY and DB SPORTS, LLC, )
)
                Plaintiffs, )    CIVIL ACTION
)
v. )    No. 19-2137-KHV
)
KANSAS ATHLETICS, INC., )
)
                Defendant. )
)

## MEMORANDUM AND ORDER

On March 12, 2019, David Beaty and DB Sports, LLC sued Kansas Athletics, Inc., alleging that defendant violated their written agreements when it refused to make certain payments after it terminated Beaty's employment as head football coach at the University of Kansas ("KU"). Complaint (Doc. #1). Plaintiffs bring claims for breach of contract (Count 1) and violations of the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 (Count 2).[1] This matter is before the Court on Defendant's Objection To, And Motion For Review Of, The Magistrate Judge's Order On Plaintiffs' Motion To Compel (Doc. #110) filed March 3, 2020. For reasons stated below, the Court overrules defendant's objections and motion.

## Procedural Background[2]

Among others, defendant asserts a defense under the after-acquired evidence doctrine, which generally provides that an employee is not entitled to damages for his employer's breach of

---

[1] On August 8, 2019, the Court dismissed claims by DB Sports under the KWPA. Motion Hearing (Doc. #30).

[2] For purposes of defendant's motion, the Court incorporates material facts from its order on plaintiffs' motion for summary judgment. Memorandum And Order (Doc. #129) filed April 14, 2020.

an employment contract if the employer shows that it was previously unaware that the employee had engaged in conduct which justified termination, and that had it known about the conduct, it would have terminated the employee. Stouder v. M & A Tech., Inc., No. 09-4113-JAR, 2012 WL 28066, at *10 (D. Kan. Jan. 5, 2012).

On December 4, 2019, U.S. Magistrate Judge Gwynne E. Birzer held a conference with the parties to discuss certain discovery issues, during which she ordered plaintiffs to submit a motion to compel and ordered defendants to respond. Minute Entry (Doc. #51). On December 6, 2019, plaintiffs filed their Motion To Compel (Doc. #54), which asked the Court to order defendant to produce discovery regarding National Collegiate Athletic Association ("NCAA") violations by defendant's other coaches and defendant's treatment of those coaches as a result of those violations. Specifically, plaintiffs seek discovery which falls under three main categories:

- [Defendant's] actions and employment decisions in the wake of the NCAA alleging multiple Level 1 violations against Kansas basketball that relate to a federal criminal conviction secured in the Southern District of New York that featured references to multiple Kansas basketball coaches – who are still employed by defendant – during the trial;

- [Defendant's] actions and employment decision in the wake of the Kansas City Star publishing a detailed account of Kansas football having multiple analysts engaging in impermissible coaching activities in 2019 under Les Miles; and

- [Defendant's] actions and employment decisions in the wake of the NCAA alleging and then determining that Kansas football had engaged in academic fraud under Mark Mangino[3] leading to Kansas being placed on probation and losing multiple scholarships between 2007 and 2009.

---

[3] Mark Mangino was KU's former head football coach, while Les Miles is the current head coach.

Motion To Compel (Doc. #54) at 3. With respect to these categories, plaintiffs seek the following: (1) communications concerning the events described, (2) any investigations these events spawned, (3) contracts for the relevant coaches and (4) information relating to these events that defendant exchanged with the Big 12 Conference or the NCAA. Id. Some of plaintiffs' requests expand the scope of this inquiry to determine whether defendant has ever terminated a coach for cause or suspended their pay and, if so, the reason for such employment action. Id. at 3-4.

Generally, plaintiffs allege that this discovery will elicit evidence that even if defendant had known about the alleged NCAA violations before it terminated Beaty without cause, it would not have actually terminated Beaty for cause. Specifically, plaintiffs believe that the requested discovery will produce evidence that defendant did not terminate the employment of other coaches who committed similar NCAA violations, which would tend to undermine defendant's assertion that it would have fired Beaty had it known about his alleged violations. Plaintiffs assert that this evidence is relevant for two reasons. They first claim that by invoking the after-acquired evidence doctrine as a defense, defendant placed its intent and state of mind at issue because the doctrine requires defendant to prove that it would have terminated Beaty's employment for cause had it known about his alleged violations. Plaintiffs assert that defendant's intent is also at issue under Beaty's KWPA claim, which asserts that defendant "willfully" harmed him. According to plaintiffs, evidence that defendant did not terminate other coaches who committed similar violations would show that it intended to harm Beaty.

On February 18, 2020, Judge Birzer granted plaintiffs' Motion To Compel (Doc. #54), finding that plaintiff's proposed discovery sought evidence which was relevant to their KPWA claims and defendant's after-acquired-evidence defense. Memorandum And Order (Doc. #93) at 9-10. On March 3, 2020, defendant filed its Objection To, And Motion For Review Of, The

Magistrate Judge's Order On Plaintiffs' Motion To Compel (Doc. #110), which asserts that Judge Birzer's ruling was contrary to law.[4]

**Legal Standards**

Under Rule 26(b)(1), Fed. R. Civ. P., parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Court construes relevance "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Ad Astra Recovery Servs., Inc. v. Heath, No. 18-1145-JWB, 2019 WL 2448569, at *2 (D. Kan. June 12, 2019) (citations omitted).

Pursuant to Rule 37(a), Fed. R. Civ. P., when a responding party fails to make a disclosure or permit discovery, the discovering party may file a motion to compel. The party seeking discovery bears the initial burden to establish relevance. Ad Astra Recovery Servs., 2019 WL 2448569, at *2. As explained above, the Court construes relevance broadly, and it will grant the motion to compel unless "it is clear that the information sought can have no possible bearing on the claim or defense of a party." Gilbert v. Rare Moon Media, LLC, No. 15-217-CM, 2016 WL 141635, at *4 (D. Kan. Jan. 12, 2016) (citations omitted).

When the discovering party has established relevance, or discovery appears relevant on its face, the party resisting discovery bears the burden to support its objections. Ad Astra Recovery Servs., 2019 WL 2448569, at *2; Martin K. Eby Const. Co. v. OneBeacon Ins. Co., No. 08-1250-MLB-KGG, 2012 WL 1080801, at *3 (D. Kan. Mar. 29, 2012) (once "low burden of relevance"

---

[4] On March 17, 2020, plaintiffs sought leave to file under seal their response to defendant's motion and several attachments. Plaintiffs' Motion For Leave To File Under Seal (Doc. #118). On March 30, 2020, plaintiffs withdrew their motion. Notice Of Withdrawal Of Plaintiffs' Motion For Leave To File Under Seal (Doc. #125). Accordingly, the Court overrules as moot Plaintiffs' Motion For Leave To File Under Seal (Doc. #118).

is established, legal burden is on party opposing discovery request).  The party resisting discovery does not satisfy this burden by asserting "conclusory or boilerplate objections" that discovery requests are irrelevant, immaterial, unduly burdensome or overly broad.  Ad Astra Recovery Servs., 2019 WL 2448569, at *2 (citations omitted).  The objecting party must instead "specifically show" that "despite the broad and liberal construction afforded by the federal discovery rules," each discovery request is objectionable.  Id. (citations omitted).

Under Rule 72(a), Fed. R. Civ. P., a party may object to a magistrate judge's ruling on nondispositive matters, such as an order to compel discovery.  Thompson v. Assurant Employee Benefits, No. 07-1062, 2008 WL 11383467, at *1 (D. Kan. June 2, 2008).  If a party timely objects, the Court must modify or set aside any part of the magistrate's order that is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  Under the "clearly erroneous" standard, the Court will affirm the magistrate judge's ruling unless "it is left with the definite and firm conviction that a mistake has been committed."  Thompson, 2008 WL 11383467, at *1 (citations omitted). Magistrate judges are afforded broad discretion when resolving discovery disputes.  Id.

**Analysis**

Defendant asserts that Judge Birzer's decision to grant plaintiffs' Motion To Compel (Doc. #54) was contrary to law.  Specifically, defendant argues that Judge Birzer erred when she held that evidence regarding how defendant treated other coaches who committed similar NCAA violations is relevant to its defense under the after-acquired evidence doctrine.[5]

---

[5] Defendant also argues that Judge Birzer erred when she held that the proposed discovery is relevant to Beaty's KWPA claims.  Because the Court agrees with Judge Birzer's determination under the after-acquired evidence doctrine, the Court does not need to address relevancy with respect to Beaty's KWPA claims.

Under the after-acquired evidence doctrine, an employee is not entitled to damages for breach of an employment contract if public policy concerns are not implicated[6] and the employer can show that (1) the employee is guilty of some misconduct of which the employer was unaware, (2) the misconduct would have justified discharge and (3) if the employer had known of the misconduct, it would have discharged the employee. Stouder, 2012 WL 28066, at *10; Firestone v. Hawker Beechcraft Int'l Serv. Co., No. 10-1404-JWL, 2011 WL 13233153, at *11 n. 51 (D. Kan. Sept. 28, 2011); Walker v. Saga Commc'ns, Inc., 11 F. Supp. 2d 1292, 1294 (D. Kan. 1998).

Applying this test, Judge Birzer held that plaintiffs' proposed discovery sought evidence that was relevant to the third prong. Memorandum And Order (Doc. #93) at 9. Specifically, Judge Birzer determined that evidence that defendant did not terminate other coaches who committed similar NCAA violations would tend to undermine defendant's contention that it would have terminated Beaty's employment had it known of his alleged NCAA violations. Id.

Defendant argues that Judge Birzer's decision was contrary to law because to succeed under the after-acquired evidence doctrine in cases such as this that do not involve discrimination, the employer only needs to show that the employee's conduct is sufficient to warrant termination. In other words, the third prong drops out of the test, and the employer must only show that (1) the employee is guilty of some misconduct of which the employer was unaware and (2) the misconduct would have justified discharge. In support, defendant relies exclusively on certain language in Gassmann (a nondiscrimination case) that an employee "is not entitled to any relief if [the

---

[6] In McKennon v. Nashville Banner Publishing Co., the Supreme Court placed certain limits on this doctrine when it is applied to employer conduct that raises public policy concerns. 513 U.S. 352 (1995). The Kansas Supreme Court has made clear that in the context of a breach of contract claim that raises no public policy concerns, the after-acquired evidence doctrine serves as a complete bar to relief. See Gassmann v. Evangelical Lutheran Good Samaritan Soc., Inc., 261 Kan. 725 (1997). Here, the parties agree that plaintiffs' claims do not raise any pubic policy concerns.

employer] can establish after-acquired evidence sufficient for termination." Gassmann, 261 Kan. at 730.

Defendant's contention is frivolous. In Gassmann, the Kansas Court of Appeals applied all three prongs of the after-acquired evidence test and, in particular, found that defendant had satisfied the third prong. Gassman v. Evangelical Lutheran Good Samaritan Soc., Inc., 22 Kan. App. 2d 632, 645, (1996), aff'd and remanded sub nom. Gassmann v. Evangelical Lutheran Good Samaritan Soc., Inc., 261 Kan. 725 (1997). On appeal, the Kansas Supreme Court agreed that the three-part test should apply, concluding that "[t]here is no reason why the after-acquired evidence doctrine should not apply if the three-prong test of McKennon can be satisfied." Gassmann, 261 Kan. at 730 (citing McKennon, 513 U.S. 352). The Kansas Supreme Court then went on to analyze whether defendant had satisfied the three-part test, and ultimately found that material questions of fact existed for all three prongs. Gassmann, 261 Kan. at 732 ("We broaden the remand to the district court and reverse summary judgment on all three prongs.").

Here, defendant apparently hopes that the Court will ignore Gassmann's explicit holding and base its decision on a single sentence that defendant has cherry-picked out of context, and embrace an interpretation that subsequent courts have consistently rejected. See Stouder, 2012 WL 28066, at *10 (applying all three prongs in nondiscrimination case); Firestone, 2011 WL 13233153, at *11 n. 51 (same); Walker, 11 F. Supp. at 1294 (same).

Applying this test, Judge Birzer correctly held that for purposes of defendant's after-acquired evidence defense, evidence regarding its treatment of coaches who committed NCAA violations is relevant to the third prong. Specifically, evidence that defendant did not terminate other coaches who committed similar NCAA violations would tend to undermine defendant's contention that it would have terminated Beaty's employment had it known of his alleged NCAA

violations. Accordingly, Judge Birzer did not abuse her discretion in ordering defendant to provide the requested discovery.[7] The Court therefore overrules defendant's objections.

**IT IS THEREFORE ORDERED** that Defendant's Objection To, And Motion For Review Of, The Magistrate Judge's Order On Plaintiffs' Motion To Compel (Doc. #110) filed March 3, 2020 is **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Leave To File Under Seal (Doc. #118) filed March 17, 2020 is **OVERRULED as moot**. The Clerk is directed to immediately unseal the following documents: Plaintiffs' Response To KAI's Objection To, And Motion For Review Of, The Magistrate Judge's Order On Plaintiffs' Motion To Compel (Doc. #118-1); Exhibit 1 (Doc. #118-2); and Exhibit 2 (Doc. #118-3).

Dated this 14th day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[7] Alternatively, defendant asserts that even if Judge Birzer applied the correct test, some of the discovery that plaintiffs seek is not relevant to its after-acquired evidence defense. Specifically, defendant asserts that discovery regarding former football coaches and coaches for other teams will involve decision-makers that are no longer at KU (i.e., different athletic directors) and different NCAA violations. Defendant argues that such discovery is not relevant to whether it would have terminated Beaty's employment had it known about his alleged NCAA violations. Accordingly, defendant asks that the Court limit plaintiffs' discovery to evidence regarding alleged NCAA violations by Les Miles (the current head football coach). This argument is unpersuasive. How defendant treated coaches who committed similar NCAA violations – regardless the particular type of NCAA violation or who was the athletic director at the time – is relevant to whether defendant would have terminated Beaty's employment had it known about his alleged violations. See Ad Astra Recovery Servs., 2019 WL 2448569, at *2 (citations omitted) (Court construes relevance "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."); see also Gilbert, 2016 WL 141635, at *4 (citations omitted) (Court will grant motion to compel unless "it is clear that the information sought can have no possible bearing on the claim or defense of a party.").